# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AMIR CHARNIS,

    Plaintiff,

vs.

WATERSPORT PRO, LLC, et al.,

    Defendants.

Case No. 2:07-cv-00623-RLH-GWF

**ORDER, FINDINGS AND RECOMMENDATION**

**Defendants' Emergency Motion for Sanctions (#43)**

   This matter is before the Court on Defendants' Emergency Motion for Sanctions for Plaintiff's Failure to Respond to Court's Discovery Order (#43), filed on August 21, 2008; Defendants' Supplement to its Emergency Motion for Sanctions (#46), filed September 30, 2008; and Plaintiff's Opposition to Supplement to Motion for Sanctions (#47), filed October 1, 2008. The Court conducted a hearing in this matter on September 29, 2008.

## BACKGROUND

   Plaintiff's Complaint (#1) was filed in the Nevada District Court on July 24, 2006. The action was removed to this Court on May 11, 2007. Plaintiff alleges that he sustained bodily injuries in a July 24, 2004 boating accident on Lake Mead, Nevada and that he sustained broken bones and injuries to the leg, knee, back and neck which resulted in a partial permanent disability. Plaintiff alleged that he incurred medical expenses in excess of $67,808.13 and that he has lost and will in the future lose wages and income in excess of $10,000.00. In addition to his claims for medical expenses and loss of income, Plaintiff seeks general compensatory damages for his pain and suffering. Plaintiff also seeks an award of punitive damages against the Defendants.

. . .

1  Defendants served an initial set of interrogatories and requests for production of documents on
2  Plaintiff. Except for Request No. 12, Plaintiff's responses to these interrogatories and requests for
3  production are not at issue in this motion.
4  Request for Production No. 12 states:
5  > Please produce all documents reflecting Plaintiff's loss of past and/or future earnings, if alleged.
6  Plaintiff responded to this Request by providing the following documents:
7  > Plaintiff's Earnings Statement from Lucas Design International, Inc. for 07/03/04-07/16/04; Plaintiff's Earnings Statement from Lucas Design International, Inc. for 06/19/04-07/02/04; and Plaintiff's Earnings Statement from Lucas Design International, Inc. for 06/05/04-06/18/04;
10  > W2 and 1099 from Lucas Design International, Inc. for 2004.
11  > Tax Returns for 2004, 2005, and 2006.
12  On May 22, 2008, Defendants served a second set of interrogatories on Plaintiff which
13  contained one additional interrogatory which states as follows:
14  > Interrogatory No. 25:
15  > Identify and describe each and every date and occasion on which you have participated in winter sports, including but not limited to skiing and snow boarding, from July 24, 2004, through the present, detailing all relevant information regarding each occasion or trip, including but not limited to, (1) the dates of each occasion or trip; (2) whether you participated in snow boarding or skiing; (3) the name and location of the facility/resort where you participated in the respective winter sport(s); (4) your accommodations during each and every trip; (5) the exact method you used to pay for the activity; (6) the date of the credit card or debit card statement that reflects each and every payment associated with that activity; (7) the individual who paid for the activity if not you; and (8) any injuries sustained during any of these trips. This interrogatory is continuing and must be supplemented as discovery continues.
22  On May 22, 2008, Defendants also served a second set of requests for production of documents
23  which contained the following additional requests: Request No. 13 asked Plaintiff to produce credit
24  card receipts, credit card statements, debit card statement, merchant's receipt and all other records of
25  payments for medical treatment related to or arising from the injuries alleged in Plaintiff's Complaint.
26  Request No. 14 requested credit card receipts, credit card statements, checking account statements, etc.,
27  and other record of payment for snow boarding or skiing activities as referenced in Interrogatory No.
28  25. Request No. 15 asked Plaintiff to produce all outstanding medical treatment records not previously

produced or for medical providers not previously disclosed, including especially the physical therapy treatment that Plaintiff testified he received in Brazil.

On July 24, 2008, Defendants filed a motion to compel (#39) because Plaintiff had not responded to Interrogatory No. 25 and Requests for Production Nos. 13, 14 and 15. Defendants also stated that Plaintiff did not respond to their request that Plaintiff supplement his response to Request for Production No. 12. In his July 31, 2008 opposition to the motion to compel (#41), Plaintiff requested that he be given until August 18, 2008 to respond to Defendants additional interrogatory and requests for production and to supplement his response to Request No. 12. The Court ordered that Plaintiff respond to Defendants' discovery requests on or before August 19, 2008. *See August 5, 2008 Minutes of Proceedings (#42).*

On August 21, 2008, Defendants filed their instant Emergency Motion for Sanctions (#46) because Plaintiff had not provided discovery responses as ordered by the Court. Plaintiff did not file a response or provide the discovery responses prior to the September 29, 2008 hearing on the motion for sanctions. Defendants' counsel further advised the Court that he received no communication from Plaintiff's counsel prior to hearing. Plaintiff's counsel appeared at the hearing, at which time he tendered to Defendants' counsel Plaintiff's unsigned answer to Interrogatory No. 25 and also served responses to Requests for Production Nos. 13, 14 and 15. Plaintiff's unsigned answer to Interrogatory No. 25 lists the snow boarding or skiing trips he took after the accident through December 2007. Plaintiff did not produce any additional documents in response to Requests 13, 14 and 15. Plaintiff's counsel has also since advised the Court that Plaintiff has no additional documents that supplement Plaintiff's previous response to Request No. 12.

The Court stated that it would award monetary sanctions to Defendants for the attorney's fees and costs they incurred in pursuing their motion for sanctions based on Plaintiff's failure to timely comply with the order to compel. The Court further directed Defendants' counsel to review the discovery responses served at the hearing and file a supplemental brief regarding the sufficiency of the discovery responses in light of Defendants' request for imposition of more severe sanctions. Defendants filed their supplemental brief on September 30, 2008 and Plaintiff filed his opposition to Defendants' supplemental brief on October 1, 2008.

# DISCUSSION

Defendants argue that the Court should dismiss Plaintiff's complaint as sanction for his failure to provide timely and sufficient discovery responses in compliance with the Court's order. Alternatively, Defendants request an order that precludes Plaintiff from supporting or opposing designated claims or defenses and that Plaintiff be prohibited from introducing designated matters into evidence relating to the discovery requests. Defendants also request that they be awarded reasonable attorney's fees and costs in connection with their motion for sanctions. Plaintiff argues that the severe sanction of dismissal is not warranted under the facts of this case. Plaintiff acknowledges, however, that in addition to monetary sanctions that may be awarded by the Court, Plaintiff should be prohibited from offering any evidence at trial that should have been produced pursuant to the second set of discovery requests, but were not. *See Opposition to Supplement to Motion for Sanctions (#47)*, p 7.

Fed.R.Civ.Pro. 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court may make such orders in regard to the failure as are just, which may include, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; or (v) dismissing the action or proceeding in whole or in part.

In regard to the severe sanction of dismissal, *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993), states:

> Because the sanction of dismissal is such a harsh penalty, the district court must weigh five factors before imposing dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Porter v. Martinez*, 941 F.2d 732,733 (9th Cir. 1991) (citations and internal punctuation omitted).

The key factors are prejudice and the availability of lesser sanctions. *Henry,* 983 F.2d at 948, *citing Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). For dismissal to be proper, the conduct to be sanctioned must also be due to willfulness, fault or bad faith by the losing party. *Henry*, 983 F.2d at 947-48, *citing Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). *See also Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) and

*Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051 (9th Cir. 1998).  Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault.  *Henry,* 983 F.2d at 948, *citing Fjelstad,* 762 F.2d at 1341.  In deciding whether dismissal or default is warranted, the court may consider all of the offending party's discovery conduct.  *Henry*, 983 F.2d at 947, *citing Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

In *Henry*, the court stated that a defendant suffers prejudice if plaintiff's actions impair defendant's ability to go to trial or threaten the rightful decision of the case.  It noted that as a result of plaintiff's wrongful delaying actions, a key witness for defendant became unavailable to participate in the defense.  The court also found that lesser sanctions had been tried to obtain plaintiff's compliance and had failed.  The court also held that plaintiff's failure to produce documents, his disregard for discovery orders and his repeated failure to appear for his deposition justified the conclusion that his conduct was willful, in bad faith or at fault.  *Id.,* at 949.  The court therefore held that dismissal was an appropriate sanction.

In *Anheuser-Busch, Inc. v. Natural Beverage Distributors, Inc.*, 69 F.3d 337, 348 (9th Cir. 1995), the court affirmed the district court's order dismissing the defendant's counterclaim where defendant falsely responded to discovery requests and court orders to produce relevant financial records by claiming that they were destroyed in a fire.  In holding that defendant's conduct was willful, in bad faith or at fault, the court stated:

> It is well settled that dismissal is warranted where, as here, a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings: "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle,* 709 F.2d at 589 (upholding dismissal of complaint pursuant to the court's inherent power where plaintiff's denials of material fact were knowingly false and plaintiff willfully failed to comply with discovery orders); (additional citations omitted).

The court held that the plaintiff was prejudiced because it was forced to rely on incomplete and spotty evidence in presenting its financial analysis of the income that defendant derived from its distributorship.  *Anheuser-Busch, Inc.,* 69 F.3d at 353-354.  The court also stated that due process requires that there exist a relationship between the sanctioned party's misconduct and the matters in

controversy such that the transgression threatens to interfere with the rightful determination of the case. Because defendant's misconduct consisted of falsely denying the existence of and the suppression of information that was clearly material to the defense to the counterclaim, the misconduct prejudiced the plaintiff's ability to present its case. *Id.,* at 348, 355. The court also rejected defendant's argument that plaintiff was not prejudiced because the documents were produced two months before the scheduled commencement of trial. The court also noted that it has squarely rejected the notion that a failure to comply with the rules of discovery is purged by belated compliance. *Id.*, 69 F.3d at 354.

In *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057 (9th Cir. 1998), the court stated that it is not always necessary for the court to impose less severe sanctions first, or to give any explicit warning of the dismissal sanction in order for the sanction of dismissal to be proper. The court stated:

> What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations "threaten to interfere with the rightful decision of the case." *Adriana*, 913 F.2d at 1412. While contumaciousness toward the court needs a remedy, something other than case-dispositive sanctions will often suffice. Dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *Id.,* at 1057-58, *citing Anheuser-Busch, Inc.,* 69 F.3d at 352.

*Id.*, at 1057-58.

In this case, Plaintiff's failure to provide timely responses to Defendants' second set of interrogatories and request for production of documents, or to supplement his response to Request No. 12 meets the test for willfulness, bad faith or fault under *Henry v. Gill*. The Court ordered Plaintiff to provide the discovery responses on or before August 19, 2008. Plaintiff's counsel attempts to defend the delay by stating that he did not receive the responses from Plaintiff's California attorney until shortly before the September 29, 2008 hearing and because Plaintiff was out of the country during some portion of that time period. Plaintiff has not shown, however, that he could not have reasonably responded to the discovery requests well before the hearing. Plaintiff's counsel also failed to file any response to the motion for sanctions and apparently made no effort to inform Defendants' counsel prior to the September 29th hearing that Plaintiff was unable to serve responses or to request additional time to serve his responses.

The key issue is whether Defendants have been prejudiced by Plaintiff's untimely and arguably insufficient discovery responses and whether sanctions less than dismissal are sufficient to address such prejudice. The discovery requests at issue concern Plaintiff's medical treatment and expenses, his loss of income claim and his post-accident recreational activities. The Court evaluates each of these in regard to Defendants' argument that they have been prejudiced and, if so, what the appropriate sanction should be.

**Medical Treatment and Expenses:** Plaintiff's initial Responses to Defendants' Requests for Production of Documents show that he produced various medical records and bills for treatment he received. *Defendants' Emergency Motion to Compel (#39), Exhibit C-1.* It is not clear to what extent the medical bills were paid by insurance, by the Plaintiff or others, or remain unpaid. Plaintiff obviously has the burden at trial of presenting admissible records and testimony regarding his incurred medical expenses and that they were reasonable and necessary to treat his accident injuries. Plaintiff's failure to produce medical records and bills for other treatment he received for his accident injuries, such as physical therapy he allegedly received in Brazil, should preclude him from introducing such records at trial. This not only results from Plaintiff's failure to produce such records in response to Defendants' discovery requests, but also from Plaintiff's failure to supplement his Rule 26(a)(1)(A)(ii) disclosures. *See* Fed.R.Civ.Pro. 26(e) and 37(c)(1). Likewise, Plaintiff should be precluded from testifying or presenting testimony by others regarding medical treatment and expenses which he allegedly incurred, but for which he has produced no records.

**Loss of Past or Future Income:** Plaintiff seeks damages for his loss of past and future income allegedly sustained as a result of his accident injuries. Request No. 12 broadly requested that Plaintiff "produce all documents reflecting Plaintiff's loss of past and/or future earnings." In response to this request, Plaintiff produced earnings statements from Lucas Design International Inc. for the pay periods from June 5, 2004 through July 16, 2004, Plaintiff's 2004 W-2 form from Lucas Design International Inc. showing that he had gross wages, tips and other compensation in the amount of $22,817.63 and a 2004 1099 form from Lucas Design International Inc. showing additional compensation in the amount of $7,038.84. Plaintiff also produced copies of his 2004, 2005 and 2006 Federal Income Tax Returns. *See Defendants' Emergency Motion to Compel (#39)*, *Exhibit C-1.*

Defendants' counsel stated in his affidavit in support of the motion to compel that he informed Plaintiff's counsel that the response to Request No.12 was inadequate and needed to be supplemented. *Defendants' Emergency Motion to Compel (#39)*, p. 9.  Defendants did not state what specific additional information, if any, was requested from Plaintiff regarding his prior income.  Defendants' motion for sanctions also did not state what specific additional information was requested.  Defendants' Supplement to the Motion for Sanctions (#46), states, however, that Plaintiff testified at deposition that he was self employed prior to August 2005 and was part owner of a business that imported custom jewelry.  According to Defendants, Plaintiff also reportedly testified that at the end of 2003 for about a year and three months he sold jewelry on commission for Lucas Design International Inc. and earned monthly commissions which reached $7,000 to $8,000 per month before the accident.  It is not clear from this statement whether Plaintiff claims to have earned any significant commission income in 2003.[1]

The records produced by Plaintiff show that he earned $22,817.63 in gross wages and compensation in 2004 and that he had additional miscellaneous income of $7,038.84 which was apparently not reported on his 2004 tax return.  It is unknown to the Court whether Plaintiff returned to work in 2004 following the accident.   Even assuming that he did not, his income for the first five months of 2004 would not equate to a gross annual income of $84,000 to $96,000 based on monthly commissions of  $7,000 to $8,000.  While a comparison of Plaintiff's 2004 income to his reported income in 2005 and 2006 may support a claim for some loss of income, Plaintiff should not be permitted to claim or testify that he received income beyond that which is reasonably shown by his federal income tax records for 2004.  Nor should he be permitted to testify on direct examination about income he received prior to or after the accident for which he has produced no relevant records to support such claims or testimony.

**Plaintiff's Post-Accident Activities:**  Defendants have not demonstrated how their defense has been prejudiced due to Plaintiff's failure to produce payment records for his snow boarding and skiing

---

[1] Defendants have not attached a transcript of Plaintiff's deposition testimony to their supplemental brief.

1  trips in December 2004, January 2005, February 2005, December 2006 and December 2007 when he
2  reportedly fractured and dislocated his left shoulder.  If anything, Plaintiff's answer to Interrogatory No.
3  25 supports Defendants' defense to Plaintiff's claim that he was partially disabled by his July 24, 2004
4  accident injuries.  The Court will not presume prejudice where Defendants have failed to show how the
5  absence of the requested payment records impairs their ability to defend this action.  Plaintiff is,
6  however, required to sign his answer to Interrogatory No. 25 and if he fails to do so, the Court will
7  consider imposition of further sanctions against him.
8        The prejudice sustained by Defendants as a result of Plaintiff's discovery misconduct does not
9  rise to the level that justifies dismissal of Plaintiff's complaint as a sanction.  The lesser sanction of
10 precluding Plaintiff from introducing evidence or presenting testimony in regard to alleged medical
11 treatment and expenses and income he earned, but for which he has not produced records, adequately
12 addresses the potential prejudice to Defendants.  The Court further finds that an award of reasonable
13 attorney's fees to Defendants in regard to their motion for sanctions provides an adequate sanction for
14 Plaintiff's discovery misconduct in this case.  Accordingly,
15       **IT IS HEREBY ORDERED** that Defendants' Emergency for Sanctions for Plaintiff's Failure
16 to Respond to Court's Discovery Order (#43) is **granted** as follows:
17       1.    Defendants are awarded reasonable attorney's fees and costs incurred in pursuing their
18 motion for sanctions.
19       2.    Counsel for Defendants shall, no later than 15 days from entry of this order, serve and
20 file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees
21 and costs incurred in the motion addressed in this order.  The memorandum shall provide a reasonable
22 itemization and description of the work performed, identify the attorney(s) or other staff member(s)
23 performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the
24 experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall
25 authenticate the information contained in the memorandum, provide a statement that the bill has been
26 reviewed and edited, and a statement that the fees and costs charged are reasonable.
27 . . .
28 . . .

1    3.     Counsel for Plaintiff shall have 15 days from service of the memorandum of costs and
2 attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs
3 and fees sought, and any equitable considerations deemed appropriate for the court to consider in
4 determining the amount of costs and fees which should be awarded.
5    4.     Counsel for Defendants shall have 11 days from service of the responsive memorandum
6 in which to file a reply.
7    5.     Plaintiff is precluded from introducing evidence or testimony at trial in regard to alleged
8 medical treatment and expenses for which no records have been produced in response to Defendants'
9 requests for production of documents and based on Plaintiff's failure to supplement his disclosures
10 under Fed.R.Civ.Pro. 26(a)(1)(A)(ii).
11    6.     Plaintiff is precluded from introducing evidence or testimony at trial in regard to alleged
12 income that he earned prior to or after the accident for which no records have been produced in
13 response to Defendants' requests for production of documents and based on Plaintiff's failure to
14 supplement his disclosures under Fed.R.Civ.Pro. 26(a)(1)(A)(ii).
15    7.     Plaintiff shall provide Defendants with signed Answers to Defendant's Second Set of
16 Interrogatories as required by Fed.R.Civ.Pro. 33(b)(5) within ten (10) days of the date of this order.
17 Failure to do so, may result in the imposition of additional sanctions against the Plaintiff.

## RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's motion to dismiss Plaintiff's Complaint as a sanction under Fed.R.Civ.Pro. 37(b)(2) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi*

1  *Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

2     DATED this 23rd day of October, 2008.

```
                              _____
                              GEORGE FOLEY, JR.
                              United States Magistrate Judge
```